UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DANNON KEITH SELLERS**       **LA. DOC #556277** VS. | **CIVIL ACTION NO. 6:15-cv-0270** **SECTION P** **JUDGE RICHARD T. HAIK, SR.** |
| **J. PHIL HANEY, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

  Pro se plaintiff Dannon Keith Sellers, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 10, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is serving a hard labor sentence imposed following his conviction for forcible rape in the Sixteenth Judicial District Court, Iberia Parish. He claims that he was falsely arrested and imprisoned and he sues the District Attorney and Assistant District Attorneys who prosecuted him; the attorneys who represented him throughout the criminal prosecution; the District Judge who signed the warrant commanding his arrest; and the police officer who obtained and executed the warrant. He prays for the dismissal of the Bill of Information, his immediate release and money damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit.

*Background*

Plaintiff was charged via Bill of Information with three counts of forcible rape. In June, 2009 he entered into a plea agreement and pled guilty to one count of forcible rape; in accordance with the plea agreement, the other two counts were dismissed. Plaintiff was sentenced to serve fifteen years at hard labor, with all but 10 years suspended. Plaintiff did not appeal his conviction or sentence, however in January 2010 he applied for post-conviction relief in the District Court raising claims of ineffective assistance of counsel, a violation of due process because he was denied an opportunity to cross-examine his accuser, and, the presiding judge illegally abused his power when he changed the charge from simple rape to forcible rape. His application was denied by the District Court, the Court of Appeal, and the Louisiana Supreme Court. *See State of Louisiana ex rel. Dannon Sellers v. State of Louisiana*, 2011-1673 (La. 4/20/2012), 85 So.3d 1232, *reconsideration denied*, 89 So.3d 1203 (La. 5/25/202).[1]

Thereafter, on June 26, 2012 he filed a pro se petition for writ of habeas corpus in this Court raising the following claims – (1) a speedy trial violation, i.e., he was in custody for over 120 days with no grand jury indictment; (2) defective bill of information; (3) ineffective assistance of counsel; (4) infirm guilty plea; (5) the judge participated in the plea and sentencing; (6) restraint of liberty as a result of ineffective assistance of counsel; and (7) the State failed to commence trial in a timely manner. On August 13, 2013 the undersigned recommended dismissal of the petition with prejudice because plaintiff's claims were either without merit or because they were procedurally defaulted. On September 9, 2013 the Court adopted the Report

---

[1] These background facts are taken from plaintiff's prior civil suit, *Sellers v. Plattsmier, et al.*, Civil Action No. 6:14-cv-3453 and his prior petition for writ of habeas corpus, *Sellers v. Warden Deville*, Civil Action 6:12-cv-1801.

and Recommendation and ordered the petition dismissed with prejudice. On the same date the Court denied a Certificate of Appealability (COA). *See Dannon Keith Sellers v. Warden Keith Deville*, Civil Action No. 6:12-cv-1801 at Docs. 1 (petition), 38 (Report and Recommendation), 41 (Judgment), and 42 (denial of COA). His application for COA was thereafter denied by the United States Fifth Circuit Court of Appeals on April 9, 2014. *Sellers v. Richwood Correctional Center*, No. 13-30997.

On November 8, 2014 plaintiff submitted an "Ethical Conduct Complaint" to the LADB. Therein he complained that "the prosecutors J. Phil Haney and his assistant Renee M. Louviere convicted me without jurisdiction at all whatsoever. Now J. Phil Haney and his assistant Angela Odinet is continuing to hold me in custody without any jurisdiction whatsoever." He further alleged that the Court lacked jurisdiction over his case because of a "fatally defective Bill of Information." He concluded his complaint by demanding that the LADB "recognize the validity of my claim and see the foundation is invalid and I am being detained illegally without any jurisdiction power or authority and conduct itself correct and compel Angela Odinet to produce me in court and dismiss the invalid information and release me from custody."

In a letter dated November 24, 2014, LADB's Screening Counsel, Eric R. McClendon advised, "After careful review, we have not found evidence of any violation of the Rules of Professional Conduct and thus no basis to open a disciplinary investigation ... It appears that the issues you have raised may be more appropriately addressed through the criminal courts and/or through post-conviction proceedings. In the event that you are successful in obtaining a court ruling that the attorney's conduct was deficient to a degree sufficient to implicate the ethical rules, you may file a new complaint against the attorney at that time."

Then, on December 15, 2014, plaintiff filed a civil rights complaint in this Court. He sued Charles B. Plattsmier and Eric R. McClendon of the Louisiana Attorney Disciplinary Board (LABD) and Sixteenth Judicial District Attorney J. Phil Haney, and his Assistants Renee Louviere and Angela Odinet. He prayed for an order directing the LADB "... to have the D.A. dismiss my Bill of Information, then pull her license, also provide money damages for suffering everyday psychologically from this plight, mental anguish, stress, anxiety, and worry..." On February 4, 2015 the undersigned recommended dismissal with prejudice as frivolous, for failing to state a claim for which relief could be granted, and for seeking money damages from defendants who are immune from suit. On April 22, 2015 the Court adopted the recommendation and entered a judgment of dismissal. *See Dannon Keith Sellers v. Charles B. Plattsmier, et al.*, No. 6:14-cv-3453 at Docs. 1 (complaint), 11 (Report and Recommendation), and 18 (Judgment).

Meanwhile, plaintiff filed the instant civil action on February 10, 2015.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

4

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Habeas Corpus

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it is clear that among other things he seeks to obtain the dismissal of the charges which led to his conviction and his immediate release from custody. Thus, to the extent that his complaint may be construed as challenging his confinement or as seeking an immediate or earlier release from confinement, such claims must be raised by petition for habeas corpus relief under the provisions of 28 U.S.C. § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claims must be dismissed for failing to state claims for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. §1915A(b)(1).

Moreover, even if this Court were to construe the instant action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, dismissal would still be appropriate. As noted above, plaintiff has previously sought and was denied habeas corpus relief pursuant to 28 U.S.C. §2254. He cannot file a second or successive habeas petition in this Court until and unless he obtains permission to file from the United States Fifth Circuit Court of Appeals. See 28 U.S.C. §2244.

### 3. *Heck v. Humphrey* Considerations

As noted above, plaintiff contends that he was falsely arrested and prosecuted and remains unlawfully imprisoned. In addition to requesting release from custody, he also prays for money damages.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments

applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff's conviction and sentence have not been reversed, expunged, or declared invalid. He claims that he was falsely arrested, prosecuted and imprisoned. If the court were to grant him monetary relief, such ruling would necessarily implicate the validity of his conviction and of the sentence he is presently serving.

Accordingly, under *Heck*, plaintiff must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). He has failed to make such a showing. Consequently, his claim for monetary damages against all of the defendants is "legally frivolous" within the meaning of 28 U.S.C. §1915 until such time as the *Heck* requirements are met. *Hamilton*, 74 F.3d at 102-103.

### *4. Prosecutorial and Judicial Immunity*

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Likewise, "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v.*

*Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996).

Plaintiff seeks money damages from the prosecutors who prosecuted him and from the judge who signed the warrant for his arrest. These parties are absolutely immune from suit.

### 5. State Actors

Plaintiff has sued the attorneys who represented him during the course of this prosecution. In order to prevail on a civil rights claim a litigant must prove that he was deprived, by one acting under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). The "under color of law" requirement, means that the defendants in a §1983 action must have committed the complained-of acts in the course of their performance of duties, and have misused power that they possessed by virtue of state law and made possible only because they were "clothed" with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion). In other words, only "state actors" – officials acting under color of state law – may be sued pursuant to Section 1983.

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Plaintiff alleges fault on the part of his attorneys, but they are not "state actors" and therefore plaintiff fails to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking monetary relief from defendants who are immune from suit pursuant to 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana May 7, 2015.

                                      **PATRICK J. HANNA**
                                      **UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: 5/7/2015
BY: EFA
TO: RTH
pj

9